**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEMOCRACY COUNCIL OF CALIFORNIA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> WRN LIMITED, PLC, a Private Limited Company; WRN MEDIA LIMITED, a Hong Kong Company, <br><br> Defendants - Appellees. | No. 10-56540 <br><br> D.C. No. 2:10-cv-05088-PSG-SH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted March 7, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

This diversity action arises from a dispute between plaintiff-appellant

Democracy Council of California ("DCC") and defendants-appellees WRN Ltd.,

PLC, which is based in London, and WRN Media Ltd., which is based in Hong

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Kong (together, "WRN"). The district court dismissed the case for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

The district court correctly determined that DCC consented to a Hong Kong forum selection clause under California's incorporation-by-reference doctrine. *See Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1331 (2009). Although DCC's attorney indicated early in negotiations that he needed to give the Hong Kong forum selection clause "some thought," any ambiguity regarding DCC's consent was resolved when—almost two months later and without any further comment—DCC signed the Amendment to Service Order Form, which expressly ratified all other terms and conditions "not explicitly amended hereby . . . ." The Amendment thus confirmed that the parties agreed to the General Terms and Conditions, including the Hong Kong forum selection clause. *See Roth v. Malson*, 67 Cal. App. 4th 552, 557 (1998) ("Contract formation is governed by objective manifestations, not subjective intent of any individual involved. The test is what the outward manifestations of consent would lead a reasonable person to believe." (internal quotation marks and citation omitted)).

The district court did not abuse its discretion in concluding that enforcement of the Hong Kong forum selection clause is not unreasonable. *See Argueta v.*

2

*Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). There is no evidence of fraud or overreaching by WRN. And DCC will not be deprived of its day in court: DCC has appeared through counsel (at least for limited purposes) in the ongoing litigation in Hong Kong.

AFFIRMED.